UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　CASE NO. 6:25-cr-105-JSS-UAM
　　　　　　　　　　　　　　　　　　18 U.S.C. § 1343
JONATHAN M. YASKO　　　　　　　(Wire Fraud)

INFORMATION

The United States Attorney charges:

COUNT ONE
(Wire Fraud - 18 U.S.C. § 1343)

A.　Introduction

At times material to this Information:

1.　Jonathan M. Yasko (hereinafter: "YASKO"), was a resident of the Middle District of Florida. YASKO was an owner, part owner, or the controlling figure of various title companies including Capital Land Settlements, Entrust Solutions, Global Partners Settlements, and others (hereinafter "Yasko Title Companies"), that conducted real estate settlement services and issued title insurance policies to mortgage lenders and borrowers.

2.　In a typical residential real estate transaction, a buyer obtained a mortgage loan from a lender to purchase a piece of real estate, or to refinance an existing loan. A title company conducted a title search to verify that the seller had good title to the property and prepared the necessary paperwork to "close" the loan. When the loan was ready for closing, the lender transmitted the necessary funds to the title

company, usually by means of an interstate bank-to-bank wire transfer. The funds, together with the amount tendered by the buyer or the property owner to cover the downpayment and closing costs, were then disbursed by the title company according to the instructions it received. The title company was responsible for, among other things, paying off the seller's mortgage loan or (in a refinancing) the homeowners previous lender, which then released its lien against the property, paid off any other outstanding liens against the property, paid the seller for his or her equity in the property, paid any property taxes, and paid the necessary fees to record the deed on the property with the County Registrar or Recorder of Deeds.

3. Like all title companies, which are regulated and licensed by the State of Florida, each of the Yasko Title Companies was required by its agency agreement to deposit the funds it received from the lenders, buyers and homeowners into an escrow account in order to segregate these monies from its own funds. The Yasko Title Companies were also legally required to disburse the lender's funds in the manner specified by the mortgage lender as reflected on the ALTA Settlement Statement, a standardized form developed by the American Land Title Association that itemized all of the fees and charges associated with a real estate transaction, providing a detailed breakdown of credits and debits for both the buyer and seller. While holding funds received from a lender, buyer, or homeowner prior to their disbursement, a title company had a fiduciary responsibility as custodian of these funds, meaning that it was required to keep the funds safe in the best interests of the party providing the funds, rather than using them for its own self-interest.

4. YASKO opened and controlled two bank accounts in the name of Capital Land Settlements at Seaside Bank and Trust, a financial institution with branches and computer servers located in the Middle District of Florida and elsewhere:

    a. An escrow account ending in x2632, and

    b. An operating account ending in x8296.

5. YASKO opened and controlled an escrow account ending in x6715 in the name of Entrust Solutions (D/B/A Entrust Direct) at JP Morgan Chase Bank, a financial institution with branches in the Middle District of Florida and elsewhere. JP Morgan Chase Bank maintained servers that received and processed interstate wire transfers in the State of Ohio.

6. First American Title Insurance Company ("First American") was a title insurance company whose principal place of business was located in Santa Ana, California. First American was in the business of issuing title insurance policies that insured property owners and lenders against potential losses resulting from claims challenging the legal validity of their ownership interests in real estate. Under these policies, First American agreed to pay off any losses suffered by lenders or owners as a result of mistakes made by the title company in verifying the subject property's chain of title, recording the deed on the property, or disbursing the lenders funds to proper persons or entities. First American entered into agency agreements with the Yasko Title Companies that authorized the Yasko entities to sell their title insurance policies to lenders and buyers as part of the services they provided as settlement agents.

7. Mortgage Company 1 was a financial institution as defined by the Fraud Enforcement and Recovery Act of 2009, that is, an organization that financed and refinanced debt secured by an interest in real estate and with activities that affected interstate and foreign commerce. Mortgage Company 1 originated and refinanced mortgage loans in the Middle District of Florida and elsewhere.

### B. Scheme and Artifice

8. Beginning on an unknown date, but no later than in or around January 2021, and continuing through in or around August 2023, in the Middle District of Florida, and elsewhere, the defendant,

### JONATHAN M. YASKO,

did knowingly, willfully, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises that related to material facts, which scheme and artifice is described as follows:

### C. Manner and Means

9. The substance of the scheme and artifice, and the manner and means used to accomplish its ends, included, among other things, the following:

   a. It was a part of the scheme and artifice that the defendant would and did cause Mortgage Company 1 and other financial institutions to transfer monies to the Yasko Company escrow accounts to fund or refinance mortgage loans secured by real property in the Middle District of Florida and elsewhere.

b. It was further part of the scheme and artifice that the defendant would and did divert money wired by Mortgage Company 1 and other mortgage lenders via interstate wire transfers from one Yasko Company escrow account in violation of the mortgage lender's closing instructions as set forth in the terms of the ALTA Settlement Statements, to another Yasko Company escrow account in order to fund other unrelated real estate closings due to shortfalls in the destination escrow account, without the mortgage lenders' knowledge or authorization.

c. It was further part of the scheme and artifice that on occasion the defendant would and did embezzle funds the mortgage lenders had sent via interstate wires to Yasko Company escrow accounts in violation of the terms of the ALTA Settlement Statements, which prevented the closings from taking place.

d. It was further part of the scheme and artifice that the defendant on other occasions would and did divert money wired by Mortgage Company 1 and other mortgage lenders via interstate wire transfers from the various Yasko Company escrow accounts in violation of the lender's closing instructions as reflected on the ALTA Settlement Statements, to Yasko Company operating accounts, without the mortgage lenders' knowledge or authorization, and subsequently use said monies to pay for

    automobiles, home renovation projects, personal travel, and other expenses for his own personal enrichment.

  e. It was further part of the scheme and artifice that the defendant would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme and the acts committed in furtherance thereof.

### D. Executions of the Scheme and Artifice

10. On or about February 24, 2022, in Seminole County, in the Middle District of Florida, and elsewhere, the defendant

**JONATHAN YASKO,**

for the purpose of executing the aforesaid scheme and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce certain signs, writings and signals, that is, the defendant caused a $201,004.57 interstate wire transfer of Mortgage Company 1 funds from the CLS escrow account ending in x2885 to the Entrust Solutions escrow account ending in x6715 to cover the payoff on an unrelated real estate settlement without Mortgage Company 1's knowledge or authorization, which caused First American to suffer a title insurance loss of $288,843.66.

All in violation of 18 U.S.C § 1343.

### FORFEITURE

1. The allegations contained in Count One of this Information are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(2)(A).

2. Upon conviction of a violation of 18 U.S.C § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation.

3. The property to be forfeited includes, but is not limited to, the following: an order of forfeiture in the amount of $201,004.57, which represents the proceeds the defendant obtained as a result of the offense charged in Count One.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By: _____
Christopher Poor
Assistant United States Attorney


By: _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division