UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.   Case No. 6:25-CR-105-JSS-NWH

**JONATHAN M. YASKO**

_____/

**DEFENDANT'S SENTENCING MEMORANDUM
AND REQUEST FOR A DOWNWARD VARIANCE**

COMES NOW, the Defendant, JONATHAN M. YASKO, and hereby files this Sentencing Memorandum and Request for a Downward Variance in which he respectfully requests this Honorable Court to exercise its discretion and impose a sentence below that suggested by the advisory sentencing guidelines.

**I.    *BOOKER* AND 18 U.S.C. § 3553(A)**

The decision of the United States Supreme Court in *Booker* has rendered the United States Sentencing Guidelines "effectively advisory." *U.S. v. Booker*, 125 S. Ct. 738, 759-67 (2005). Pursuant to *Booker*, sentencing courts are required to consider a defendant's Guideline range, but may "tailor the sentence in light of other statutory concerns as well." *Id.* at 767 (*citing* 18 U.S.C. § 3553 (a)).

As a result of *Booker* federal district courts must consider the seven factors set forth by § 3553 (a) in determining a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

1

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) [the applicable Sentencing Guidelines];

(5) any pertinent [Sentencing Guidelines] policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victim of the offense.

*See* 18 U.S.C. § 3553(a).

Moreover, § 3553(a), the Parsimony Provision, mandates that a district court "impose a sentence sufficient but not greater than necessary," to comply with the purposes of sentencing set forth in § 3553(a)(2). Finally, 18 U.S.C. § 3582, recognizes that "imprisonment is not an appropriate means of promoting correction and rehabilitation."

  II. **APPLYING THE FACTORS CONTAINED IN 18 U.S.C. § 3553(a)**

    A. **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

    *The nature and circumstances of the offense*

Mr. Yasko is charged via an Indictment with the crime of Wire Fraud in violation 18 U.S.C. § 1343. The crime transpired between January of 2021 through August of 2023. Both prior to and subsequent to the charges levied herein, Mr. Yasko has lived an exemplary

2

life with no contact whatsoever with the criminal justice system.  Further, upon the formal filing of criminal charges, Mr. Yasko timely entered into a written plea agreement with the government whereby he fully accepted responsibility for his wrongful conduct.  To date, he has deposited $23,000 into the court's registry towards the payment of his restitution obligation as a further evidence of his remorse.

Although it in no way justifies the criminal conduct herein, Mr. Yasko is embroiled in civil litigation with his former business partner, Ben Bell, and, but for Mr. Bell's conduct, the actual loss incurred by the alleged victim would have been reduced by over $500,000.  (See Exhibit "A" attached hereto as well as the character letter authored by Phillip Kaprow, Esq.  The actual harm that transpired herein would have been lessened but for the actions of Mr. Yasko's business partner which should serve as mitigation in fashioning an appropriate sentence.

*The history and characteristics of the defendant*

Mr. Yasko is forty-seven years of age with no prior or subsequent criminal history. By all accounts, but for the criminal conduct alleged herein, he has been a productive member of society.  Prior to the instant offenses, he always maintained employment.  He has been in a relationship with his wife for over 25 years and, as evidenced by the character letters written on his behalf, maintains a support system.  Further, Mr. Yasko continues to successfully raise three minor children. He has always played an active role in the lives of all of his children who are eleven, fifteen, and three years of age; they have never been away from their father for an extended period of time and Mr. Yasko's incarceration will inevitably cause collateral damage to his family.

**B.** **The Purposes of Sentencing**

Section 3553(a)(2) lists the four purposes of sentencing, which can be summarized as: just punishment, deterrence, protection of the public, and rehabilitation

*Punishment*

The charges levied herein have already served as significant punishment. As a result of the federal criminal charges, Mr. Yasko has been essentially unemployable in any financial related field. He has been forced to sell his marital home and he has no financial assets of value. The convicted felon label that Mr. Yasko will now carry is a lifetime punishment. Any form of incarceration is unnecessary to further this sentencing goal.

*Deterrence*

Mr. Yasko has been living in the community since he was released on his own recognizance on May 6, 2025. Since that time period, he has committed no criminal acts or any form of wrongdoing. Consequently, the reality of being the target of a federal criminal investigation has alone successfully accomplished the goal of specifically deterring Mr. Yasko from criminal conduct.

*Protection of the Public*

As to the protection of the public, any argument that Mr. Yasko is a danger to the community is contravened by the fact that he has lived within the public since his release without incident. During this time period, Mr. Yasko has committed no acts which would in anyway endanger the public. Accordingly, incarceration is unnecessary to protect the public.

*Rehabilitation*

With regards to Mr. Yasko's need for rehabilitation, he is in need of substance abuse treatment. Since the federal charges were levied, as a coping mechanism, Mr. Yasko has experienced an unhealthy increase in the consumption of alcohol. Said treatment may be obtained outside of the confines of a prison; additional imprisonment or incarceration is unnecessary since the goal of rehabilitation and correction may be served by probation and §3582 explicitly rejects the notion that imprisonment is an appropriate means of promoting correction or rehabilitation.

    C. **The Kinds of Sentences Available**

Pursuant to Booker, this Honorable Court has significant discretion in fashioning a sentence that is "reasonable" based on § 3553(a).

    D. **The Sentencing Guidelines and Guideline Policy Statements.**

*The Advisory Guideline Range as Calculated by the Government*

Pursuant to *Booker* "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker*, 125 at. 759-67. The United States Sentencing Guidelines suggest a guideline range of 27 to 33 months imprisonment.

Ms. Yasko respectfully requests that this Court impose a downward variance from the advisory sentencing guidelines based collectively or individually on the mitigation previously referenced herein.

### III. CONCLUSION

For the reasons stated herein, Mr. Yasko respectfully requests that this Court exercise its discretion and impose a sentence below that suggested by the advisory guidelines. Any such sentence would be "reasonable," pursuant to *Booker,* and is supported by the PSR and the character letters filed in support of this memorandum.

RESPECTFULLY SUBMITTED this 22nd day of January, 2026.

                Respectfully submitted,

                /s/ Andrew J. Chmelir_____

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of January, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send copy of same to all attorneys of record.

/s/ Andrew J. Chmelir
Andrew J. Chmelir
Jacobson, Chmelir & Ferwerda
Florida Bar No. 087254
351 East State Road 434, Suite A
Winter Springs, Florida 32708
Telephone:    407-327-8899
Facsimile:    407-327-3019
ajchmelir@cs.com

Attorney for the Defendant